IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-00181 |
| | ) Judge Campbell/Frensley |
| WILLIAM LEE, Governor of the State of Tennessee, in his official capacity, et al., | ) |
| Defendants. | ) |

## ORDER

### I. INTRODUCTION

Plaintiff John Doe filed this suit under 42 U.S.C. § 1983 alleging that Defendants William Lee, Governor of the State of Tennessee; David Rausch, Director of the Tennessee Bureau of Investigation; and the Metropolitan Government of Nashville-Davidson County, Tennessee ("Metro") violated and continue to violate his Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements. Docket No. 1 (Complaint).

This matter is now before the Court upon Mr. Doe's "Motion to Proceed Under Pseudonym and for Protective Order," in which Mr. Doe requests: permission to proceed under a pseudonym, a protective order barring disclosure of his true name or other identifying information, and the sealing of any court documents containing such information. Docket No. 6. Mr. Doe has also filed a Supporting Memorandum. Docket No. 7. Metro has filed a Response in Opposition. Docket No. 20. For the reasons set forth below, Mr. Doe's Motion (Docket No. 6) is DENIED.

## II. LAW AND ANALYSIS

### A. Request to Proceed Under a Pseudonym

The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a), 17(a)(1). In exceptional cases, the court may grant an order allowing a plaintiff to proceed under a pseudonym. To obtain such an order, a plaintiff must show that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Court considers several factors in making this determination, including: (1) whether the plaintiff seeking anonymity is suing to challenge a governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation compels the plaintiff to disclose an intention to violate the law; and (4) whether the plaintiff is a child. *Id.*; *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). The decision of whether to grant leave to proceed under a pseudonym is within the discretion of the Court. *Porter*, 370 F.3d at 560.

Mr. Doe contends that overall, these factors support his request to proceed under a pseudonym. Docket No. 7, p. 4. He asserts that he is challenging governmental activity, namely, Tennessee's sex offender laws. *Id.* Further, he contends that in order to litigate his claim, he will be required to disclose information of the utmost intimacy. *Id.* As to the other factors, he concedes that he does not intend to violate the law and is not a child. *Id.*

Metro maintains that the only factor that Mr. Doe satisfies is the first: he is seeking to challenge governmental activity. Docket No. 20, p. 1-2. As to the rest, Metro points out that Mr. Doe has conceded factors three and four, and argues that factor two is not met because "the information that will be disclosed by [Mr. Doe] in this lawsuit (element (2)) has already been a

matter of public record since approximately 1993 . . . and, according to the Tennessee Bureau of Investigation's website has been maintained online since 1998." *Id.* at 2, *citing* Docket Nos. 17-1, 17-3.

The Court finds that in this instance, the *Porter* factors weigh against the use of a pseudonym. Of the four factors, Mr. Doe satisfies only the first: he is suing to challenge governmental activity (Tennessee's sex offender laws). Although Mr. Doe maintains that he also satisfies the second factor, he does not explain what "information of the utmost intimacy" he will be compelled to disclose in the prosecution of this suit. *See* Docket No. 7. If he simply means his name, the Court finds that this does not meet the definition of "information of the utmost intimacy." To the extent that he intends to indicate information related to his past offense, Mr. Doe does not dispute Metro's assertion that all the information related to his offense, including his identity, has been a matter of public record for nearly thirty years, and readily available to the public online for more than twenty. Such information is no longer "intimate," if it ever was, and Mr. Doe does not identify any other intimate information that he expects to come to light as a result of this lawsuit. As noted above, Mr. Doe concedes that he does not meet the third and fourth factors. Therefore, *Porter* instructs the use of Mr. Doe's real name in this case.

Beyond the *Porter* analysis, Mr. Doe maintains that, due to the stigma that attaches to sex offenders, anonymity is necessary to ensure his safety and privacy, and to avoid jeopardizing his ability to maintain employment and housing. Docket No. 7, p. 2-4. Metro contends that these concerns are unfounded. In response to Mr. Doe's fear of threats to his safety, Metro argues that "[a]ny information related to Plaintiff's previous conviction and his related status is available to the public currently, and has been for many years, and he has not alleged that he has ever been subjected to violence as a result." Docket No. 20, p. 2. As to his concern that he might lose or

fail to secure housing or employment, Metro again notes that "all information related to his offense has been a matter of public record for at least the last 29 years (since 1993) and has been on the TBI's website since approximately 1998," yet even so, "Plaintiff has secured a job and housing as a current registrant, and there is no evidence offered to support that going forward he would experience any different circumstances." *Id.* at 2-3.

While Mr. Doe offers scholarly support for the proposition that sex offenders generally face "widespread opprobrium, humiliation, and harassment," and sometimes, even vigilante attack, he offers no evidence that he personally has suffered any of these or is at risk of future harm. *See* Docket No. 7. As to his concerns about employment and housing, again, he has offered no evidence or even argument for his assertion that he is likely to lose or be unable to find either. It appears, as Metro notes, that his current employer is already aware of his status and yet maintains him as an employee. *See* Docket No. 20, p. 3, *citing* Docket No. 1, p. 10 ("his company frequently gets construction jobs at schools [that he] cannot work [] due to [Tennessee's restrictions on convicted sex offenders]").

Although Mr. Doe is concerned that this lawsuit *might* receive press attention that *might* expose him to harm from members of the public, such concerns appear to be speculative; Mr. Does offers no evidence that such harm is likely. *See* Docket No. 7. Under the circumstances, the Court cannot find that Mr. Doe's privacy interests "substantially outweigh the presumption of open judicial proceedings." *See Porter*, 370 F.3d at 560. Because the *Porter* factors weigh against the use of a pseudonym and Mr. Doe has not provided evidence that the Court should nevertheless allow him to proceed anonymously, the Court finds that Mr. Doe must pursue his claims under his true name.

## B. Request for Protective Order

A motion for a protective order is available to "a party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c). The court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause for the issuance of a protective order is established with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on merely conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir 2001) *quoting Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

For the reasons already articulated, Mr. Doe has failed to provide specific facts showing a clearly defined and serious injury that is likely to result if this Court does not enter a protective order shielding his true name from disclosure. Therefore, Mr. Doe's request for a protective order is denied.

## C. Request to Seal Documents Filed in the Court's Record

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry*

*Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

The information that Mr. Doe seeks to have sealed (his true name) does not fall into one of the categories established by the Court of Appeals for the Sixth Circuit in setting forth its standard for the sealing of documents. His name does not constitute a trade secret, it is not covered by a recognized privilege, and it is not information required by statute to be maintained in confidence. *See Rudd*, 834 F.3d at 594-95. Therefore, there is no information before the Court that would justify the sealing that Mr. Rudd requests.

## III. **CONCLUSION**

For the foregoing reasons, Mr. Doe's Motion (Docket No. 6) is DENIED. Mr. Doe must proceed in this matter under his true name.

**IT IS SO ORDERED.**

_____
Jeffery S. Frensley
United States Magistrate Judge

7

Case 3:22-cv-00181   Document 26   Filed 04/22/22   Page 7 of 7 PageID #: 211