IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EARL CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00181 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| WILLIAM LEE, et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Earl Craig's Motion (Doc No. 15) for preliminary injunction. Defendants Tennessee Governor William Lee, and Director of the Tennessee Bureau of Investigation David Rausch have responded (Doc. No. 22) and Plaintiff replied (Doc. No. 24).[1] For the reasons stated herein, the Motion for Preliminary Injunction is **GRANTED**.

### I. BACKGROUND [2]

This case involves Tennessee's often-litigated Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("the Act"), Tenn. Code Ann. § 40-39-201 *et seq*. "Tennessee, like many states, maintains a registry of convicted sexual offenders and imposes a number of demanding, invasive, embarrassing, and expensive requirements on the individuals who have been placed on that registry." *Doe v. Lee*, No. 3:22-CV-00712, 2023 WL 1974712, at *1 (M.D. Tenn. Feb. 10, 2023) (citing *Reid v. Lee*, 476 F.Supp.3d 684, 688-93 (M.D. Tenn. 2020)

---

[1] Defendant Metropolitan Government of Nashville and Davidson County has been dismissed from this action. (*See* Doc. No. 62).

[2] The factual background is drawn from the Amended Complaint (Doc. No. 29), which is cited as "¶ __". Additionally, the Court notes that the Amended Complaint is identical to the Complaint in every way except that it identifies Plaintiff by name rather than pseudonym. (*See* Doc. No. 28)

(listing requirements)). The first iteration of the Act was passed in 1994, and required the TBI to "establish, maintain, and update a centralized record system of sexual offender registration and verification information." 1994 Tenn. Pub. Laws, ch. 976 § 7(a). After the 1994 act came numerous changes and expansions, resulting the current statutory scheme challenged by Craig in this case. *See Doe v. Haslam*, No. 3:16-CV-02862, 2017 WL 5187117, at *1 (M.D. Tenn. Nov. 9, 2017) (Crenshaw, C.J.) (recounting the history of the Act).

Plaintiff Earl Craig ("Craig") is a 59-year-old resident of Middle Tennessee. (¶¶ 2,7). In April 1993, Craig committed the offence of Attempted Aggravated Sexual Battery, in violation of Tennessee Code Annotated § 39-13-504; he was convicted in December of that year. (¶ 11). As a result of this conviction, Craig was deemed a "Violent Sexual Offender" under Tennessee statute and is required to abide by the terms and requirements the Act. (¶¶ 13, 14).

Craig filed suit against Defendants challenging the constitutionality of the Act as applied to him as violative of the Ex Post Facto Clause. He requests a preliminary injunction be issued which enjoins enforcement of the Act against him.

## II.     LAW AND ANALYSIS

The undersigned is neither the first nor, presumably, the last to address a plaintiff's challenge to the constitutionality of sex offender registration statutes. The analysis begins with the Sixth Circuit's holding in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016). In *Snyder*, the court found that Michigan's Sex Offender Registration Act violated the Ex Post Facto Clause of the Constitution in its retroactive application. *See id*. "Although *Snyder* did not directly involve the State of Tennessee, the federal district courts of this state have repeatedly, if not quite unanimously, concluded that the same analysis applies…to Tennessee's own, very similar scheme and policies." *Doe v. Lee*, No. 3:22-CV-00712, 2023 WL 1974712, at *1 (M.D. Tenn. Feb. 10, 2023) (collecting cases). The consistency of judicial opinions interpreting *Snyder* leaves this ground well-trod, and

the Court need not conduct a comprehensive review of the legal landscape at this stage. Accordingly, and notwithstanding Defendants' unadorned assertions that Snyder "was wrongly decided" (Doc. No. 22 at 4), this Court will abide by the binding precedent in this circuit.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to issue a preliminary injunction under Federal Rule of Civil Procedure 65, the Court considers: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g. Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017).

Craig has submitted evidence in support of his motion, including documents relating to his criminal case (Doc. No. 17-1), a declaration (Doc. No. 17-2), and the deposition testimony of Craig, his wife, and his stepdaughter (Doc. Nos. 45-1, 45-2, 45-3). Considering the arguments raised, the evidence presented, and the vast and consistent legal landscape, the Court finds that the first factor weighs in favor of preliminary injunction. *See Doe #11 v. Lee*, 609 F.Supp.3d 578, 614-15 (M.D. Tenn. 2022); *Does #1-9 v. Lee*, 574 F. Supp. 3d 558, 563 (M.D. Tenn. 2021); *Reid v. Lee*, 476 F.Supp.3d 684, 708 (M.D. Tenn. 2020).

As to the second factor, the Sixth Circuit has opined that "[w]hen constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 23, 436 (6th Cir. 2012); *see also Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) ("if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated") (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Accordingly, this factor weighs in favor of preliminary injunction.

The final factors of the preliminary injunction inquiry - harm to others and public interest - "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Defendants contend that these factors generally weigh against an injunction because of the incalculable cost of sexual offenses on the community and the deterrent effect of the sex offender registry on all sex offenders. These assertions and concerns are not without merit, but they are without a specific tie to the conduct of this Plaintiff or his particular risk to the community. Craig has been subject to the Act's requirements since his release in 1994 and since that time has not had any identified infractions or violations. Under these circumstances, the Court cannot find that the final factors weigh against an injunction. To the contrary, the Sixth Circuit has advised that "the public interest is served by preventing the violation of constitutional rights. *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004).

For the reasons stated herein, Craig's Motion for Preliminary Injunction (Doc. No. 15) is **GRANTED**. It is hereby **ORDERED** that Defendants, their agents, officers, employees, and all persons in active concert or participation with them are enjoined and restrained from enforcing Tennessee's Sex Offender Registration law, Tenn. Code Ann. § 40-39-201 *et seq*. against Plaintiff Earl Craig. The Court finds no cause for the issuance of a security by Plaintiff under Fed. R. Civ. P. 65(c). *See Doe v. Lee*, No. 3:22-CV-00712, 2023 WL 1974712, at *1 (M.D. Tenn. Feb. 10, 2023) ("In light of the routine nature of removals and additions to the sexual offender registry, the court finds that no cash surety is necessary…").

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE